
EXHIBIT
"B"



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

GEORGIA TAMAN LLC.

**Plaintiff,**

vs.

NEIL EISNER AND

CASTLE AFLAM HOLDINGS LP

**Defendant**

) Case
) No.: 2014CV245955

**TO THE ABOVE NAMED DEFENDANT(S):**

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is: SCHUYLER ELLIOT

2024 BEAVER RUIN ROAD

NORCROSS GA 3071

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) days of such service. Then time to answer shall not commence until such proof of service has been filed. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This ___5___ day of ___May___, 20_14_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you ___18 May___, 20_14_

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

GEORGIA TASMAN, LLC.,     )
                                       ) CIVIL ACTION NO: 2014CV245955

    PLAINTIFF,     )
                                       )

VS.     ) JURY TRIAL
                                       ) DEMANDED
                                     )

NEIL EISNER; AND CASTLE     )
ATLANTA HOLDINGS, LP.,     )
JOINTLY AND SEVERALLY,     )
                                     )

    DEFENDANTS.     )

**FILED IN OFFICE**
**MAY 0 5 2014**
**DEPUTY CLERK SUPERIOR COURT**
**FULTON COUNTY, GA**

### COMPLAINT FOR WRONGFUL FORECLOSURE, TRESPASS & CONVERSION, BREACH OF CONTRACT, DECLARATORY JUDGMENT, REFORMATION OF DEED, PUNITIVE DAMAGES AND ATTORNEY'S FEES

COME NOW, the Plaintiff, Georgia Tasman, LLC.,, and file this

Complaint against the above Defendants, Neil Eisner and Castle Holdings, LP.,

jointly and severally showing this Court as follows:

### PARTIES

#### 1.

Plaintiff does not live in Georgia but the subject lawsuit is in regard to real

estate that is located in Georgia.

1

2.

Defendant, Neil Eisner is a lender, who conducts business in the State of Georgia and conducted a wrongful foreclosure against Plaintiff in Fulton County, Georgia and Clayton County, Georgia.  Defendant, Neil Eisner can be served at 399 Camino Gardens Blvd., Suite 304, Boca Raton, Florida 33432.

3.

Defendant, Castle Atlanta Holding, LP., is a Foreign Limited Partnership doing business in Georgia and can be served on its registered agent CT Corporation System at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

## JURISDICTION AND VENUE

4.

The court has jurisdiction to grant the relief sought by the Plaintiff.

5.

Venue in this court is proper.

## FACTUAL ALLEGATIONS

6.

This lawsuit relates to the real property located at 229 Marsh Glen Drive,

2

Jonesboro, Georgia 30238 located in Clayton County, Georgia and 2364

Bigwood Trail, College Park, Georgia 30349 located in Fulton County, Georgia

(hereinafter referred to as "subject property)".

7.

The legal description regarding the subject property located in Clayton

County, Georgia is attached as Exhibit "A", incorporated herein by reference.

8.

The legal description regarding the subject property located in Fulton

County, Georgia is attached as Exhibit "B", incorporated herein by reference.

9.

On or about November 14, 2011, the Plaintiff entered into a Security

Deed and Note agreement with Defendant, Neil Eisner, regarding real property

located at 229 Marsh Glen Drive, Jonesboro, Georgia 30238.

10.

The Security Deed was filed with the Clayton County real estate records at

Deed Book 1141, Page 630.

11.

The Note was not filed with the real estate records or with any records in

3

Clayton County, Georgia.

### 12.

On or about November 14, 2011, the Plaintiff entered into a Security Deed and Note agreement with Defendant, Neil Eisner

### 13.

The Security Deed was filed with the Fulton County real estate records at Deed Book 50657, Page 41.

### 14.

The Note was not filed with the Fulton County, Georgia real estate records or with any records in Fulton County, Georgia.

### 15.

The Security Deed agreement on both properties feature conditions precedent that must be satisfied prior to accelerating the debt.

### 16.

Under the Security Deed on both properties, in the event of an alleged default, the Defendant, Neil Eisner is required to send the Plaintiff certain notices.

### 17.

One of the required notices and a condition precedent by paragraph

4

17 of the Security Deed under acceleration remedies, is that the Plaintiff be

advised of the right to cure an alleged default and provide the Plaintiff with notice

of certain rights.

### 18.

The Defendant, Neil Eisner did not send the notice required pursuant to

paragraph 17 of the Security Deed regarding both properties.

### 19.

The Defendant, Neil Eisner, is required to advertise the foreclosure sale in

the legal paper for the county wherein the real property is located.

### 20.

Upon information and belief, Defendant, Neil Eisner, advertised in the legal

paper the property located in Clayton County, Georgia.

### 21.

Upon information and belief, Defendant, Neil Eisner, advertised in the legal

paper the property located in Fulton County, Georgia.

### 22.

The legal advertisement for both properties were misleading and confusing.

23.

Each legal advertisement for each property includes two sums of money.

24.

The Clayton County property legal advertisement includes one sum in the amount of $65,900.00 and another sum in the amount of $31,700.00.

25.

The Fulton County property legal advertisement includes one sum in the amount of $65,900.00 and another sum in the amount of $34,200.00.

26.

The inclusion of two different numbers in the foreclosure legal advertisement could be confusing to a potential bidder.

27.

The real estate records for both Fulton County and Clayton County do not include the Note.

28.

The foreclosure sale for both the Clayton County and Fulton county were chilled.

6

29.

Upon information and belief, the foreclosure sale for both properties were income producing property.

30.

Upon information and belief, the property in Clayton County had a tenant paying rent on the subject property.

31.

The property located in Fulton County was not rented at the time of foreclosure but upon information and belief is currently rented.

32.

On the first Tuesday of January, 2014, the Defendant, Neil Eisner conducted a foreclosure sale on the Plaintiff's real property located in Clayton County, Georgia.

33.

On the first Tuesday of January, 2014, the Defendant, Castle Atlanta Holding, LP., was the purchaser of the Plaintiff's real property located in Clayton County, Georgia.

34.

On the first Tuesday of January, 2014, the Defendant conducted a

foreclosure sale on the Plaintiff's real property located in Fulton County, Georgia.

35.

On the first Tuesday of January, 2014, the Defendant, Castle Atlanta

Holding, LP, was the purchaser of the Plaintiff's real property located in Fulton

County, Georgia.

## BREACH OF CONTRACT AGAINST DEFENDANT, NEIL EISNER

36.

Plaintiff repeat and re-allege the allegations in the preceding paragraphs of

this Complaint and incorporate the same herein by this specific reference as

though set forth herein in full.

37.

The Security Deed created a contract between the Plaintiff and

Defendant, Neil Eisner.

38.

The Defendant, Neil Eisner owed the Plaintiff obligations under the

Security Deed.

8

39.

The Defendant, Neil Eisner breached his contract and obligations with

Plaintiff by wrongfully foreclosing on two of his real properties pursuant to the

facts stated herein.

40.

The Defendant, Neil Eisner failed to provide the Plaintiff with proper

notice.

41.

The Defendant, Neil Eisner ran a foreclosure advertisement on both

properties which were confusing.

42.

The Defendant, Neil Eisner had a duty to the Plaintiff to conduct the

foreclosure sale fairly and in good faith.

43.

Based on the facts, the Defendant, Neil Eisner breached his duty to the

Plaintiff.

9

44.

The Defendant, Neil Eisner's breach of his duty caused harm to the Plaintiff.

45.

As a result of Defendant, Neil Eisner's breach, the Plaintiff has suffered damages.

## WRONGFUL FORECLOSURE AGAINST DEFENDANTS, NEIL EISNER

46.

Plaintiff repeat and re-alleges the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by this specific reference as though set forth herein in full.

47.

Georgia law requires a Plaintiff asserting a claim for wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a casual connection between the breach of that duty and the injury it sustained and damages. Heritage Creek Dev. Corp. V. Colonial Bank, 268 Ga. App. 369; 370 (2004).

48.

Pursuant to O.C.G.A. 23-2-114 Powers of sale in deeds of trust, mortgages and other instruments shall be strictly construed and shall be fairly exercised and conducted in good faith.  Failure to exercise the foreclosure sale in good faith is a breach of a duty owed to the Plaintiff.

49.

A mortgage lender also breaches this duty if in foreclosing, it violates terms of the parties loan agreement.  See Heritage Creek Dev. Corp. V. Colonial Bank, 268 Ga. App. 369, 374 (2004).

50.

Defendant, Neil Eisner unjustly and unfairly exercised the power of sale for the following reasons:

51.

Under the Security Deed, in the event of an alleged default, the Lender is required to send the Plaintiff certain notices.

52.

The Defendant, Neil Eisner failed to provide proper notice to the Plaintiff.

11

53.

In exercising the power of sale, in the context of the facts in this case,

the Defendant, Neil Eisner breached its implied covenant of good faith dealing to

provide Plaintiff a meaningful opportunity and notice to cure their default (see

Brown v. Freeman, 222 Ga. App, 213, 216 (1996).

54.

The Defendant, Neil Eisner's, actions amount to the tort of wrongful

foreclosure.

55.

The above Defendants owed a duty to Plaintiff to conduct the

foreclosure sale in good faith.

56.

The above Defendants breached a duty owed to Plaintiff by

not following the statutory foreclosure requirements as provided in the

statement of facts, incorporated herein by reference.

57.

The above Defendants breached a duty owed to Plaintiff by failing to

provide Plaintiff with the required default notice pursuant to the Security

Deed.

**58.**

As a direct and proximate result of Defendant, Neil Eisner's actions

complained about herein, Defendant wrongfully foreclosed on the Plaintiff's

properties and the foreclosure sale of the Plaintiff's properties is invalid.  The

Plaintiff is entitled to cancellation of the sale and to special and general damages,

according to proof, based on the Defendant's direct or vicarious breach of

his duty to exercise the power of sale fairly and in good faith under

O.C.G.A. 23-2-114.

**59.**

As a direct and proximate result of Defendant's wrongful foreclosure,

Plaintiff has suffered damages.

**60.**

As a result of Defendants breach, the Plaintiff has suffered damages

in at least the amount of Plaintiff's investment in the approximate amount of Sixty

Five Thousand and Nine Hundred Dollars ($65,900.00) plus lost equity in the

approximate amount of $42,862.80.

13

**61.**

A claim for wrongful foreclosure gives the Plaintiff alternative legal remedies such as cancellation of the foreclosure sale and recovery of damages not associated with the value of the property. See Calhoun First Nat'l Bank v. Dickens, 264 Ga. 285, Roylston v. Bank of America, N.A., 290 Ga. App. 556 (2008); Kennedy v. Gwinnett Commercial Bank, 155 Ga. App. 327 (1980).

**62.**

Plaintiff will seek all available damages as allowed by law.

## CONVERSION AND LOSS OF RENTAL INCOME AGAINST DEFENDANT, NEIL EISNER

**63.**

Plaintiff repeat and re-alleges the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by this specific reference as though set forth herein in full.

**64.**

The Plaintiff was receiving rental income on the real property located in Clayton County, Georgia and the upon information and belief the real property

14

located in Fulton County, Georgia is currently rented..

65.

The Defendant's wrongful foreclosure caused the Plaintiff to lose the rental income received on the two rental properties.

66.

The value of the lost rental income will be determined by the trier of facts.

## FAILURE TO SELL PROPERTY IN A COMMERCIALLY REASONABLE MANNER AGAINST DEFENDANT, NEIL EISNER

67.

Plaintiff repeat and re-alleges the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by this specific reference as though set forth herein in full.

68.

The real property located at 2364 Bigwood Trail, Atlanta, Georgia had an approximate fair market value of $75,433.00 at the time of foreclosure.

69.

Upon information and belief, the above property was sold for Thirty Five Thousand Eight Hundred Fifty One Dollars ($35,851.00).

15

70.

The above inadequate sales price raises the issue as to whether the subject property was sold fairly.

71.

The Defendant has the obligation to the Plaintiff that nothing is done which will have the effect of chilling the bid at the foreclosure sale.

72.

The Plaintiff alleges that the foreclosure advertisement was misleading and therefore, there is an issue as to whether the foreclosure sale was chilled and prevented the subject property from being sold at a competitive value.

73.

The Plaintiff has suffered damages as a result of Defendant's failure to conduct the sale fairly.

## UNJUST ENRICHMENT

74.

Plaintiff repeat and re-alleges the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by this specific reference as though set forth herein in full.

75.

The Plaintiff paid a substantial down payment regarding the purchase of the two properties.

76.

The Plaintiff lost its down payment as a result of the Defendant's wrongful foreclosure.

77.

The Defendant would be unjustly enriched if allowed to retain the Plaintiff's down payment.

78.

The Plaintiff has suffered damages in the approximate amount of Sixty Five Thousand Nine Hundred Dollars ($65,900.00).

## PUNITIVE DAMAGES AGAINST DEFENDANT, NEIL EISNER

79.

Plaintiff repeat and re-alleges the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by this specific reference as though set forth herein in full.

80.

By reason of the conduct alleged herein Defendant's actions and inactions showed willful misconduct, malice, wantonness, oppression and that entire want of care which would raise the presumption of conscience indifference to consequences such that an award of punitive damages is warranted to punish the Defendants and to deter others who would otherwise engage in similar conduct.

81.

The Defendant's actions and or inactions showed total disregard for the Plaintiff's concerns.

82.

The above conduct on behalf of the Defendant enhances the policy of "foreclosure first and ask questions later." See First National Bank of Georgia v. Cook, 223 Ga. App, 374 (1996).

83.

Punitive damages were developed to deter the Defendant from hopefully refraining from such egregious conduct in the future.

18

## DECLARATORY JUDGMENT TO VACATE AND SET ASIDE THE FORECLOSURE SALE AGAINST DEFENDANTS, NEIL EISNER AND CASTLE ATLANTA HOLDING, LP

### 84.

Plaintiff repeat and re-alleges the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by this specific reference as though set forth herein in full.

### 85.

The Defendant executed a foreclosure deed to Defendant, Castle Atlanta Holding, LP.

### 86.

The Plaintiff requests this Court to determine the rights of the parties regarding the rightful owner of the subject real properties.

## REFORMATION OF FORECLOSURE DEEDS AGAINST DEFENDANTS, NEIL EISNER AND CASTLE ATLANTA HOLDING, LP.

### 87.

Plaintiff repeat and re-alleges the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by this specific reference as though set forth herein in full.

## 88.

The Plaintiff request this Court to reform the real estate records to transfer into the name of the Plaintiff.

## ATTORNEY'S FEES AND STATUTORY INTEREST AGAINST DEFENDANT, NEIL EISNER

## 89.

Plaintiff repeat and re-alleges the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by this specific reference as though set forth herein in full.

## 90.

The Plaintiff is entitled to recover attorneys fees, interest and costs of this action as allowed by law.

## 91.

The Plaintiff has incurred and will continue to incur substantial attorney's fees and expenses to prosecute the above styled action.

## 92.

The Defendant's actions have shown bad faith, have no legal justification and have caused the Plaintiff unnecessary trouble, delay and expense.

**93.**

By reason of the conduct alleged herein Defendant's actions and or inactions show that he have been stubbornly litigious and have caused the Plaintiff unnecessary trouble and expense, therefore Plaintiff is entitled to recover all costs of attorney's fees and expenses pursuant to O.C.G.A. 13-6-11 and other applicable law.

**94.**

The Plaintiff is entitled to statutory interest on all the sums owed.

**WHEREFORE,** Plaintiff respectfully pray that this Honorable Court grant the following:

a)   Judgment against Defendant, Neil Eisner for Wrongful Foreclosure:

b)   Judgment against Defendant, Neil Eisner for actual and compensatory damages for no less than $65,900.00 for lost investment and $42,862.80 for failure to conduct the foreclosure sale properly;

c)   Judgment against Defendant, Neil Eisner for punitive damages for no l less than $250,000.00;

d)   Judgment against Defendant, Neil Eisner for attorney's fees and costs and statutory interest;

21

e)   Declaratory Judgment against Defendants, Neil Eisner and Castle

Atlanta Holdings, LP., for reformation of deed;

f)   Demand for jury trial;

g)   For any and all other relief to which the Plaintiff is entitled to

at law or in equity.

Respectfully submitted, this 5th day of May, 2014.

Schuyler Elliott
Georgia Bar Number 244002
Attorney for Plaintiff

2024 Beaver Ruin Road
Norcross, Georgia 30071
(770)209-7999
(770)209-0033 Fax
email: semecca@aol.com

22

GBA
0

Civil Action No. 2014CV245955

Date Filed 5.5.14

Magistrate Court ☐
Superior Court ☒
State Court FULTON ☐
Georgia, GWINNETT COUNTY

Attorney's Address

SCHUYLER ELLIOTT
2024 BEAVER RUIN ROAD
NORCROSS GA. 30071

GEORGIA JASMIN, LLC

Plaintiff

VS.

NEIL EISNER AND CASTLE
ATLANTA HOLDINGS, LP

Defendant

Name and Address of Party to be Served

CASTLE ATLANTA HOLDING LP
C.T. CORPORATION SYSTEM, REG AGT
1201 PEACHTREE ST. NE
ATLANTA. GA. 30361

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**CORPORATION**

Served the defendant Castle Nicanta Holding, LP a corporation
by leaving a copy of the within action and summons with Chegward CT Corp
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit; and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 13 day of MAY 14

_____ DEPUTY
fulton

SHERIFF DOCKET _____ PAGE _____

GWINNETT COUNTY, GEORGIA

WHITE: Clerk     CANARY: Plaintiff Attorney     PINK: Defendant

SC-2 Rev.85

# ⊛ CT Corporation

**Service of Process Transmittal**
05/13/2014
CT Log Number 524945422

| | |
|---|---|
| **TO:** | Teresa Foley<br>Goulston & Storrs<br>400 Atlantic Avenue<br>Boston, MA 02110-3333 |
| **RE:** | **Process Served in Georgia** |
| **FOR:** | Castle Atlanta Holding LP (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Georgia Tasman, LLC, Pltf. vs. Neil Eisner and Castle Atlanta Holdings, LP., etc., Dfts.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Sheriff's Entry of Service, Summons, Complaint |
| **COURT/AGENCY:** | Fulton County Superior Court, Fulton, GA<br>Case # 2014CV245955 |
| **NATURE OF ACTION:** | Wrongful Foreclosure · Clayton County, GA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/13/2014 at 10:55 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Schuyler Elliott<br>2024 Beaver Ruin Road<br>Norcross, GA 30071<br>770-209-7999 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798854831803 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Tyeasha Harris<br>1201 Peachtree Street,N.E.<br>Suite 1240<br>Atlanta, GA 30361 |
| **TELEPHONE:** | 404-965-3840 |

Page 1 of 1 / BG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

JUN 1 2 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

GEORGIA TASMAN, LLC,                    :

      Plaintiff,                        :

   v.                                    :       CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :       FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,                              :

      Defendants.                       :

## STIPULATION FOR EXTENSION OF TIME TO ANSWER

By stipulation of counsel for the parties pursuant to O.C.G.A. § 9-11-6(b), and without

waiver of any defenses which Defendant Castle Atlanta Holdings, LP may have in this action

(which defenses are expressly reserved), the time within which the Defendant Castle Atlanta

Holdings, LP shall be required to file and serve an Answer and/or other responsive pleading in

response to Plaintiff's Complaint For Wrongful Foreclosure, Trespass & Conversion, Breach of

Contract, Declaratory Judgment, Reformation of Deed, Punitive Damages and Attorney's Fees

shall be extended through and including July 14, 2014.

This 12th day of June, 2014.

                                         ANDERSEN, TATE & CARR, P.C.

_Schuyler Elliott (tt)_

Schuyler Elliott
State Bar No. 244002
2024 Beaver Ruin Road
Norcross, Georgia  30071
(770) 209-7999
Attorney for Plaintiff
  (Signed by Thomas T. Tate with
  express permission)

_Tho T. Tate_

Thomas T. Tate
State Bar No. 698879
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia  30097
(770) 822-0900 Phone
Attorney for Defendant

2093414_1

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

GEORGIA TASMAN, LLC,                        :

        Plaintiff,                             :

        v.                                     :       CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :       FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,                                  :

        Defendants.                            :

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing Stipulation for

Extension of Time to Answer  upon opposing counsel of record by depositing a true and correct

copy of same in the U.S. Mail, proper postage paid, addressed to counsel of record as follows:

Schuyler Elliott, Esq.
2024 Beaver Ruin Road
Norcross, Georgia  30071

This ___12th___ day of June, 2014.

                                ANDERSEN, TATE & CARR, P.C.

                                Thomas T. Tate
                                Georgia Bar No. 698879
                                Attorney for Defendants Neil Eisner

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

GEORGIA TASMAN, LLC,                    :

        Plaintiff,                    :

v.                                      :          CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :       FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,                              :

        Defendants.                   :

FILED IN OFFICE

JUL 0 9 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## ACKNOWLEDGMENT OF SERVICE

The undersigned, Thomas T. Tate, does hereby affirmatively state that he has proper authority to acknowledge service on behalf of Defendant Neil Eisner, and does hereby acknowledge service of process on his behalf of a copy of the Summons and Complaint for Wrongful Foreclosure, Trespass & Conversion, Breach of Contract, Declaratory Judgment, Reformation of Deed, Punitive Damages and Attorney's Fees and process in this case. This acknowledgment is made without waiver of any defenses that Defendant Neil Eisner may have in this action other than those related to service of the Summons and Complaint herein, which defenses are expressly reserved.

This 12th day of June, 2014.

                        ANDERSEN, TATE & CARR, P.C.

                        Thomas T. Tate
                        Georgia Bar No. 698879
                        Attorney for Defendant Neil Eisner

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

2093400_1

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GEORGIA TASMAN, LLC., | ) |
| | ) CIVIL ACTION NO: |
| PLAINTIFF, | ) 2014cv245955 |
| | ) |
| VS. | ) JURY TRIAL |
| | ) DEMANDED |
| | ) |
| NEIL EISNER; AND CASTLE | ) |
| ATLANTA HOLDINGS, LP., | ) |
| JOINTLY AND SEVERALLY, | ) |
| | ) |
| DEFENDANTS. | ) |

**REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY, MCMICHAEL &
GRAY, P.C.**

**TO:** Randy McMichael, registered agent for McMichael & Gray, PC.,
2055 North Brown Road, Suite 250, Lawrenceville, Georgia
30043

**RE:** 2364 BIGWOOD TRAIL, COLLEGE PARK, GEORGIA 30349

**RE:** 229 MARSH GLEN DRIVE, JONESBORO, GEORGIA 30238

Pursuant to O.C.G.A. Section 9-11-26 and 9-11-34, you are
hereby requested to produce the following documents for
inspection and copying by Plaintiff, at the office of their
attorney, Schuyler Elliott, The Mecca Building, 2024 Beaver Ruin
Road, Norcross, Georgia 30071 thirty (30) days after service of
this request.

In lieu of the production at the time and place stated
above, you may forward true and correct copies of the requested

RECEIVED

JUL 1 0 2014

material to Schuyler Elliott at the address listed above.  If the Defendant does not serve an objection to this request in twenty (20) days and the requested records are produced, O.C.G.A. 9-11-34(c)(3) provides that the above named non-party "shall be immune from regulatory, civil or criminal liability or damages notwithstanding that the produced documents contained confidential or privileged information."

The requested documents are as follows:

RE:  DISCOVERY REQUEST IS ON THE REAL PROPERTY LOCATED AT 2364 BIGWOOD TRAIL, COLLEGE PARK, GEORGIA 30349 AND 229 MARSH GLEN DRIVE, JONESBORO, GEORGIA 30238

RE:  DISCOVERY REQUEST IS REGARDING THE FORECLOSURE SALE DATED JANUARY 7, 2014 REGARDING THE ABOVE TWO PROPERTIES

1.  A copy of real estate closing documents for the above described properties to include but not limited to HUD 1 statement, appraisal, all documents executed by buyer and seller and all documents in closing file.

2.  A copy of all foreclosure notices sent to Georgia Tasman, LLC., regarding the January 2014 foreclosure sale for the two above properties.  To include but not limited to all notices sent regarding the January, 2014 foreclosure sale.

3.  A copy of bid sheet for each foreclosure sale.

4.  A copy of confirmation of sale for each foreclosure sale.

5.  A copy all correspondence sent to Castle Atlanta Holding, LP, prior to the foreclosure sale and subsequent to the foreclosure sale, including but not limited to faxes and emails.

6.  A copy of any and all documents, which show the address for

Neil Eisner.

7.   A copy of license for Neil Eisner to provide mortgage loans in the State of Georgia.

This 9th day of July, 2014.

Respectfully submitted,

Schuyler Elliott
Attorney for Plaintiff
Georgia Bar No. 244002

2024 Beaver Ruin Road
Norcross, Georgia 30071
(770)209-7999
(770)209-0033 Fax
email: semecca@aol.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following Non-Party and all interested parties with a true and correct copy of the foregoing Request for Production of Documents to a Non-Party by depositing said copy in the United States Mail, with sufficient postage affixed thereon and properly addressed as follows:

Randy McMichael, Esq.
McMichael & Gray, P.C.
2055 North Brown Road, Suite 250
Lawrenceville, Georgia 30043

Tom Tate, Esq.
Andersen, Tate & Carr, P.C.
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

This 9th day of July, 2014.

Schuyler Elliott
Attorney for Plaintiff
Georgia Bar No. 244002

2024 Beaver Ruin Road
Norcross, Georgia 30071
(770)209-7999
(770)209-0033 Fax
email: semecca@aol.com

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

GEORGIA TASMAN, LLC.,       )
                                    ) CIVIL ACTION NO:
     PLAINTIFF,         ) 2014cv245955
                                    )
VS.                            ) JURY TRIAL
                                    ) DEMANDED
                                    )
NEIL EISNER; AND CASTLE     )
ATLANTA HOLDINGS, LP.,      )
JOINTLY AND SEVERALLY,     )
                                    )
     DEFENDANTS.       )

## REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY, CONCHITA, LLC.

**TO:** Conchita, LLC., Susan Craighead, registered agent, 484 Barnsdale Drive, Marietta, Georgia 30068

**RE:** 1750 Broad River Road, College Park, Georgia 30349

**RE:** 5228 Hanover Street, College Park, Georgia 30349

Pursuant to O.C.G.A. Section 9-11-26 and 9-11-34, you are hereby requested to produce the following documents for inspection and copying by Plaintiff, at the office of their attorney, Schuyler Elliott, The Mecca Building, 2024 Beaver Ruin Road, Norcross, Georgia 30071 thirty (30) days after service of this request.

In lieu of the production at the time and place stated above, you may forward true and correct copies of the requested material to Schuyler Elliott at the address listed above. If

RECEIVED

JUL 1 0 2014

the Defendant does not serve an objection to this request in
twenty (20) days and the requested records are produced, O.C.G.A.
9-11-34(c)(3) provides that the above named non-party "shall be
immune from regulatory, civil or criminal liability or damages
notwithstanding that the produced documents contained
confidential or privileged information."

   **The requested documents are as follows:**

RE:   DISCOVERY REQUEST IS ON THE REAL PROPERTY LOCATED AT 1750
      Broad River Road, College Park, Georgia 30349 and 5228
      Hanover Street, College Park, Georgia 30349

RE:   DISCOVERY REQUEST IS REGARDING THE FORECLOSURE SALE DATED
      JANUARY 7, 2014 REGARDING THE ABOVE TWO PROPERTIES

1.   A copy of real estate closing documents for the above
described properties to include but not limited to HUD 1
statement, appraisal, all documents executed by buyer and seller
and all documents in closing file.

2.   A copy of all foreclosure notices sent to Conchita, LLC.,
regarding the January, 2014 foreclosure sale on the two above
described properties to include but not limited to all pre-
foreclosure notices sent regarding the January, 2014 foreclosure

sale.

This 9th day of July, 2014.

Respectfully submitted,

Schuyler Elliott
Attorney for Plaintiff
Georgia Bar No. 244002

2024 Beaver Ruin Road
Norcross, Georgia 30071
(770)209-7999
(770)209-0033 Fax
email: semecca@aol.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following Non-Party and all interested parties with a true and correct copy of the foregoing Request for Production of Documents to a Non-Party by depositing said copy in the United States Mail, with sufficient postage affixed thereon and properly addressed as follows:

Conchita, LLC.
Susan Craighead
Registered Agent
484 Barnsdale Drive
Marietta, Georgia 30068

Tom Tate, Esq.
Andersen, Tate & Carr, P.C.
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

This 9th day of July, 2014.

Schuyler Elliott
Attorney for Plaintiff
Georgia Bar No. 244002

2024 Beaver Ruin Road
Norcross, Georgia 30071
(770)209-7999
(770)209-0033 Fax
email: semecca@aol.com

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

GEORGIA TASMAN, LLC,                    :

    Plaintiff,                          :

    v.                                  :        CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :        FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,                              :        Judge Ural Glanville

    Defendants.                         :

**FILED IN OFFICE**

**JUL 14 2014**

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## DEFENDANTS' MOTION TO DISMISS

COME NOW Castle Atlanta Holding, LP., and Defendant Neil Eisner (collectively "Defendants"), and file this, their Motion to Dismiss all claims asserted against them by the Plaintiff in this civil action.   The basis for Defendants' Motion to Dismiss is set forth in detail in the accompanying Brief in Support of Motion to Dismiss, which is filed concurrently herewith.

This _14th_ day of July, 2014.

Respectfully submitted,

ANDERSEN, TATE & CARR, P.C.

Thomas T. Tate
Georgia Bar No. 698879
Robert D. Thomas
Georgia Bar No. 278646
Graham K. Brantley
Georgia Bar No. 942600
Attorney for Defendants

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

2093546_1

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

JUL 1 4 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

GEORGIA TASMAN, LLC,                    :

      Plaintiff,                          :

    v.                                  :        CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :           FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,                              :        Judge Ural Glanville

      Defendants.                         :

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

COME NOW Castle Atlanta Holding, LP., ("Defendant Castle") and Defendant Neil
Eisner ("Defendant Eisner") (collectively "Defendants"), and file this, their Brief in Support of
Defendants' Motion to Dismiss pursuant to O.C.G.A. §9-11-12(b)(6).

### I.   Introduction

Plaintiff's Complaint fails to state claims upon which relief can be granted and should be
dismissed because Plaintiff cannot show how any of the actions by Defendants alleged in its
Complaint caused Plaintiff's damages. Plaintiff defaulted on its payment obligations on multiple
occasions and failed to take any steps to cure, or show intent to cure, the default, which was the
sole cause of Plaintiff's alleged injuries. Plaintiff has filed its Complaint against Defendants for
declaratory judgment to vacate and set aside two foreclosure sales and equitable reformation of
the corresponding foreclosure deeds. Plaintiff's claims against Defendant Castle are dependent
upon Plaintiff's ability to successfully assert its claim for wrongful foreclosure against Defendant
Eisner. Because Plaintiff has failed to state a claim for wrongful foreclosure against Defendant

Eisner for which relief can be granted, Plaintiff likewise fails to state a claim against Defendant Castle.

## II.    Allegations and Omissions in the Complaint

The essence of Plaintiff's Complaint is a claim for wrongful foreclosure against Defendant Eisner, along with a claim to vacate the foreclosures and subsequent sales to Defendant Castle. (Compl., ¶¶ 46-62.)   All of the claims asserted by Plaintiff in this action depend entirely upon it first succeeding on its claim for wrongful foreclosure against Defendant Eisner. Because Plaintiff has failed to state a claim for wrongful foreclosure, so too must the other claims be dismissed.

On November 14, 2011, Plaintiff entered into a Security Deed with Defendant Eisner regarding real property located at 229 Marsh Glen Drive, Jonesboro, Georgia 30238, and also for 2364 Bigwood Trail, College Park, Georgia 30349 (the "Property"), both secured by one promissory note (the "Note").  (Compl., ¶¶ 6, 9.)  Plaintiff repeatedly failed to make the required payments under the Note and defaulted on its obligations. Defendant Eisner sent a Notice of the Default and subsequently foreclosed on the Property by way of two separate foreclosure sales in January of 2014. Plaintiff alleges that Defendant Eisner failed to provide proper notice to Plaintiff of its right to cure its default as provided in the Security Deed, and that the advertisements of the foreclosure "could be confusing to a potential bidder." (Compl., ¶¶ 26, 40.) As such, Plaintiff brings claims against Defendant Eisner for Breach of Contract, Wrongful Foreclosure, Conversion, and Unjust Enrichment.

Plaintiff's Complaint fails to allege, however, that Plaintiff was not in default of its obligations under the Note and Security Deeds prior to the foreclosure. Nor does the Complaint allege that Plaintiff attempted to, or even intended to, cure its default at any time prior to the

2

foreclosure. As such, Plaintiff's Complaint does not allege sufficient facts to support its meritless claims and should be dismissed.

### III.   Argument and Citation to Authority

#### A.   Standard for Granting a Motion to Dismiss

This Court's task in ruling on a motion to dismiss for failure to state a claim is to determine what causes of action the well-pled allegations of the Complaint will support.   On a motion to dismiss, a complaint should be dismissed "if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the **disclosure** of some fact which will necessarily **defeat** the claim."   *Poole v. Atlanta*, 117 Ga.App. 432, 434 (1968); *see also Patrick v. Verizon Directories Corp.*, 284 Ga.App. 123 (2007) (affirming grant of motion for failure to dismiss for failure to state a claim, noting "[w]here material allegations are missing, the pleading fails." [Cit.]); *see also Powell v. Brown*, 281 Ga. 609, 611 (2007) (conclusory statements of law are insufficient to survive a motion to dismiss); *Sheffield v. United Parcel Service, Inc.,* No. 10-11878, 2010 WL 4721613 at *2 (11th Cir. (Nov. 22, 2010)) ("To withstand a motion to dismiss for failure to state a claim, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face.").   As alluded to earlier, the allegations of the Complaint fail to state a claim as a matter of law with respect to the Defendants, and should be dismissed.

#### B.   Plaintiff fails to state a claim for wrongful foreclosure under Georgia law.

Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages. *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App 369, 371 (2004).   Georgia courts uniformly agree that **a borrower**

3

who fails to make loan payments cannot maintain a claim for wrongful foreclosure. *See Harvey v. Deutsche Bank Nat. Trust Co.*, No. 1:12-cv-1612-RWS, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); *see Heritage Creek Dev. Corp.*, 268 Ga. App at 371 (2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale); *Ezuruike v. Bank of New York Mellon*, No. 1:11–cv–4030–JEC, 2012 WL 3989961, at *1–2 (N.D. Ga. Sept.11, 2012) (dismissing attempted wrongful foreclosure claim where "plaintiff makes no plausible allegation that he was not in default and therefore a foreclosure notice suggesting that he was could not falsely impugn the plaintiff's financial condition").

Merely alleging defects in the foreclosure advertisement is not enough to state a claim for wrongful foreclosure in Georgia. *Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285 (1994). In *Calhoun*, for example, the property owner in default sued for damages after the bank foreclosed on her property without providing her with proper notice of default. She contended that the foreclosure itself caused her injury and since the foreclosure was unlawful due to lack of proper notice, she was entitled to damages. *Id.* The Supreme Court of Georgia disagreed, holding:

> The bank's failure to provide proper notice constituted a breach of the duty to fairly exercise the sale created by O.C.G.A. § 23-2-114. Having established duty and breach, however, [the mortgagor] still needed to show a causal connection between the lack of notice and the alleged injury.

264 Ga. at 286. In *Heritage Creek Dev. Corp.*, 268 Ga. App at 371, the Court of Appeals applied the holding in *Calhoun*, and found that the default was solely attributable to the mortgagor's default on its loan payments and failure to bid on the property at foreclosure.

Similarly, failing even to make an attempt to cure a default will defeat a wrongful foreclosure claim regardless of whether specific notice of the right to cure was given. In *Salahat v. FDIC*, 298 Ga. App. 624 (2009), the court held that absent evidence that the debtor actually attempted or intended to cure defaults, acceleration of the maturity of a loan prior to the expiration of a cure period was not improper because no harm was caused to the debtor. Also, in *Rapps v. Cooke*, 246 Ga.App. 251 (2000), the court stated that the debtors knew the amount they were required to pay each month, and that they had not made a payment in fourteen months, and the promissory note specified a five percent penalty for late payment. Thus, the debtors had sufficient information to at least approximate the payoff amount, and they could have tendered this amount.

The underlying themes throughout the wrongful foreclosure cases in Georgia are first, that a plaintiff's case will be dismissed if the plaintiff does not show "how the end result would have been different" if he had received sufficient notice. *See Mei Kuan Chen v. Wells Fargo Bank, N.A.*, CAFN 1:13-CV-3037-TWT, n.1, (Feb. 27, 2014) ("The plaintiff does not, for example, allege that she would have been able to cure her default, nor does she allege that she would have been able to successfully petition for a loan modification.").

Second, equitable relief cannot be entertained if the plaintiff does not allege that she tendered the amount due on the loan. *Id.*; *citing Hill v. Filsoof*, 274 Ga. App. 474, 475-76 (2005) ("Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed . . . [she] must pay or tender to the

5

creditor the amount of principal and interest due . . . [n]either fraud nor poverty constitute an equitable excuse for failure to tender."). Georgia courts routinely require plaintiffs to make sufficient tender before they have a foreclosure sale set aside due to an alleged defect in the foreclosure process. *See Berry v. Gov't Nat. Mortg. Ass'n*, 231 Ga. 503 (1973); *see also Massey v. Nat'l Homeowners Sales Serv. Corp of Atlanta*, 225 Ga. 93, 99 (1969); *Ceaser v. Wells Fargo Bank, N.A.*, 322 Ga.App. 529, 532-33 (2013).

Here, Plaintiff fails to state a claim for wrongful foreclosure. First, Plaintiff has failed to allege any facts showing that Defendants breached a duty owed to Plaintiff, as Plaintiff has failed to state sufficient facts showing how the notice provided by Defendants was allegedly deficient. Without pleading sufficient facts to support a finding that Defendants breached a duty to Plaintiff, Plaintiff has failed to state a claim and the Complaint should be dismissed.

Next, Plaintiff makes no allegation that it was not in default of its obligations under the Note and Security Deed, or that the allegedly deficient notice prevented Plaintiff from curing the default. Moreover, Plaintiff fails to allege that it attempted to cure the default, or bid on the Property at the foreclosure sale, or that Plaintiff intended to do so if proper notice was given. Plaintiff has failed to state sufficient facts showing that any alleged deficiency in the notice or advertisement of the foreclosure, which would be the grounds for the alleged breach, actually caused Plaintiff any harm. As such, Plaintiff cannot state a claim for wrongful foreclosure and the Complaint must be dismissed.

Furthermore, a foreclosure sale may only be set aside in equity when the price realized is grossly inadequate and the sale is accompanied by fraud, mistake, misapprehension, surprise, or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price. *See Ceasar v. Wells Fargo Bank, N.A.*, 322 Ga. App. 529

6

(2013). Here, Plaintiff's Complaint fails to allege that the price realized at foreclosure was "grossly inadequate" or that the sale was "accompanied by fraud, mistake, misapprehension, surprise, or other circumstances which might authorize a finding" that the sale brought an inadequate price.

Because Plaintiff has failed to allege plausible facts showing that the alleged deficiencies in the notice caused Plaintiff's harm, and because Plaintiff has failed to allege that the foreclosure sale price was grossly inadequate, Plaintiff has failed to state a claim for wrongful foreclosure and the claim should be dismissed. Furthermore, because Plaintiff's other claims are dependent upon its claim for wrongful foreclosure, the Complaint as a whole must be dismissed for failure to state a claim.

### C.    Plaintiff fails to state a claim for unjust enrichment under Georgia law.

Plaintiff's claim for unjust enrichment also fails to state a claim for which relief can be granted. Unjust enrichment is an equitable principle that may apply when there is no legal contract between the parties. *Id.* at 534; *See Georgia Dept. of Cmty. Health v. Data Inquiry*, 313 Ga. App. 683, 687 (2012); *Georgia Tile Distrib. v. Zumpano Enters.*, 205 Ga.App. 487, 488 (1992). A mortgagor cannot successfully plead a claim for unjust enrichment where mortgagor's claims arose from a written contract, namely the security deed, which was attached to their complaint and incorporated therein. *Ceasar*, 322 Ga. App. at 534. Here, Plaintiff's claims arise out of the alleged breach of the notice requirement under the Security Deeds. As such, Plaintiff's complaint fails to state a claim for unjust enrichment.

### D.    Equitable relief is barred due to the Plaintiff's failure to verify the complaint.

Pursuant to O.C.G.A. § 9-10-110, petitions for extraordinary equitable relief must be verified positively or supported by other satisfactory proofs. A superior court must have evidence

before it upon which to exercise the grant of any discretion through its extraordinary powers;, therefore, the verified complaint [is necessary] as it serves as both pleading and evidence. *BEA Sys., Inc. v. WebMethods, Inc.*, 265 Ga. App. 503, 504 (2004). Plaintiff's request for reformation of the Security Deeds is a petition for extraordinary equitable relief which requires verification or other proof before this Court can exercise its equitable powers and grant reformation of the security deed.  Plaintiff failed to verify, through affidavit or other satisfactory proof, that the allegations in the Complaint are true and supported by the evidence. There is no evidence attached to the Complaint supporting Plaintiff's allegations. As such, equitable relief may not be entertained by the Court at this time.

## IV.    Conclusion

For the reasons set forth herein, Defendants ask this Court to dismiss each of the Plaintiff's claims against them as a matter of law, due to the Plaintiff's failure to state a claim. Pursuant to O.C.G.A. § 9-12-12(j)(1), discovery in this matter is stayed for 90 days after the filing of this motion to dismiss, or until the ruling of the Court on the motion, whichever comes first.

This _14th_ day of July, 2014.

Respectfully submitted,

ANDERSEN, TATE & CARR, P.C.

Thomas T. Tate
Georgia Bar No. 698879
Robert D. Thomas
Georgia Bar No. 278646
Graham K. Brantley
Georgia Bar No. 942600
Attorneys for Defendants

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 Phone
 (770) 822-9680 Fax

2101264_1

8

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

GEORGIA TASMAN, LLC,                    :

      Plaintiff,                        :

v.                                      :       CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :       FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,                              :

      Defendants.                       :

```
┌─────────────────────────────┐
│   FILED IN OFFICE           │
│   ┌──────────────────┐      │
│   │   JUL 14 2014     │      │
│   └──────────────────┘      │
│   DEPUTY CLERK SUPERIOR COURT│
│     FULTON COUNTY, GA       │
└─────────────────────────────┘
```

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing Defendants' Motion to Dismiss and Brief in Support of Defendants' Motion to Dismiss upon opposing counsel of record by depositing a true and correct copy of same in the U.S. Mail, proper postage paid, addressed to counsel of record as follows:

    Schuyler Elliott, Esq.
    2024 Beaver Ruin Road
    Norcross, Georgia  30071

This _14th_ day of July, 2014.

                          ANDERSEN, TATE & CARR, P.C.

                          Thomas T. Tate
                          Georgia Bar No. 698879
                          Robert D. Thomas
                          State Bar No 278646
                          Graham K. Brantley
                          State Bar No. 942600
                          Attorneys for Defendants Neil Eisner
                          Castle Atlanta Holdings, LP

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
2116561_1

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

JUL 14 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

GEORGIA TASMAN, LLC,                          :

     Plaintiff,                              :

     v.                                      :          CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :          FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,                                    :          Judge Ural Glanville

     Defendants.                             :

## ANSWER OF DEFENDANT CASTLE ATLANTA HOLDING, LP

COME NOW, Defendant Castle Atlanta Holding, LP. ("Defendant Castle") (incorrectly referred to as "Castle Atlanta Holdings, LP" by Plaintiff in its Complaint), and files this, its Answer in response to Plaintiff Georgia Tasman, LLC's ("Plaintiff") Complaint, respectfully showing this Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed.  Defendant Castle is filing a Motion to Dismiss in conjunction with the filing of this Answer.

### SECOND DEFENSE

Plaintiff's claims are barred because the Plaintiff does not have standing to prosecute claims it asserts herein.

### THIRD DEFENSE

Plaintiff is equitably estopped from bringing the claims it asserts herein.

### FOURTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to satisfy all conditions precedent to prosecute claims it asserts herein.

### FIFTH DEFENSE

Plaintiff's claims are barred by the defenses of estoppel, waiver, illegality, and/or laches.

### SIXTH DEFENSE

Plaintiff's claims are barred due to illegality, fraud, unclean hands, and bad faith.

### SEVENTH DEFENSE

Defendant Castle denies and disputes Plaintiff's apparent contention that it is, or could be, jointly and severally liable with Defendant Neil Eisner.

### EIGHTH DEFENSE

Plaintiff's claims are barred by its own prior breaches of contractual obligations.

### NINTH DEFENSE

Plaintiff's claims are barred by its failure to mitigate the harm alleged.

### TENTH DEFENSE

Defendant reserves the right to raise additional affirmative defenses that may become apparent through discovery or otherwise.

### ELEVENTH DEFENSE

Plaintiff's claims are barred due to lack of personal jurisdiction and improper venue.

### TWELVTH DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to provide verification to support its claims for extraordinary equitable relief pursuant to O.C.G.A. § 9-10-110.

2

### THIRTEENTH DEFENSE

By way of further response, Defendant Castle responds to each of the separately numbered Paragraphs of the Complaint as follows:

1.  Defendant Castle admits that the real estate that is the subject of the allegations of this lawsuit is located in   Georgia. Defendant Castle is without knowledge or information sufficient to form a belief concerning the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint, which accordingly stand denied.

2.  Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 2 of Plaintiff's Complaint, which accordingly stand denied.

3.  Admitted.

4.  Denied.

5.  Denied.

6.  Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 6 of Plaintiff's Complaint, which accordingly stand denied.

7.  The document identified in Paragraph 7 of Plaintiff's Complaint is not attached to Plaintiff's Complaint.

8.  The document identified in Paragraph 8 of Plaintiff's Complaint is not attached to Plaintiff's Complaint.

9.  Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 9 of Plaintiff's Complaint, which accordingly stand denied.

10.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 10 of Plaintiff's Complaint, which accordingly stand denied.

11.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 11 of Plaintiff's Complaint, which accordingly stand denied.

12.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 12 of Plaintiff's Complaint, which accordingly stand denied.

13.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 13 of Plaintiff's Complaint, which accordingly stand denied.

14.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 14 of Plaintiff's Complaint, which accordingly stand denied.

15.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 15 of Plaintiff's Complaint, which accordingly stand denied.

16.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 16 of Plaintiff's Complaint, which accordingly stand denied.

17.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 17 of Plaintiff's Complaint, which accordingly stand denied.

18.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 18 of Plaintiff's Complaint, which accordingly stand denied.

19.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 19 of Plaintiff's Complaint, which accordingly stand denied.

20.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 20 of Plaintiff's Complaint, which accordingly stand denied.

21.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 21 of Plaintiff's Complaint, which accordingly stand denied.

22.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 22 of Plaintiff's Complaint, which accordingly stand denied.

23.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 23 of Plaintiff's Complaint, which accordingly stand denied.

24.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 24 of Plaintiff's Complaint, which accordingly stand denied.

25.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 25 of Plaintiff's Complaint, which accordingly stand denied.

26.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 26 of Plaintiff's Complaint, which accordingly stand denied.

27.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 27 of Plaintiff's Complaint, which accordingly stand denied.

28.     Denied.

29.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 29 of Plaintiff's Complaint, which accordingly stand denied.

30.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 30 of Plaintiff's Complaint, which accordingly stand denied.

31.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 31 of Plaintiff's Complaint, which accordingly stand denied.

32.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 32 of Plaintiff's Complaint, which accordingly stand denied.

33.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 33 of Plaintiff's Complaint, which accordingly stand denied.

34.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 34 of Plaintiff's Complaint, which accordingly stand denied.

35.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 35 of Plaintiff's Complaint, which accordingly stand denied.

36.   Defendant Castle restates its responses to the preceding paragraphs as fully set forth herein.

37.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 37 of Plaintiff's Complaint, which accordingly stand denied.

38.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 38 of Plaintiff's Complaint, which accordingly stand denied.

39.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 39 of Plaintiff's Complaint, which accordingly stand denied.

40.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 40 of Plaintiff's Complaint, which accordingly stand denied.

41.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 41 of Plaintiff's Complaint, which accordingly stand denied.

42.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 42 of Plaintiff's Complaint, which accordingly stand denied.

43.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 43 of Plaintiff's Complaint, which accordingly stand denied.

44.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 44 of Plaintiff's Complaint, which accordingly stand denied.

45.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 45 of Plaintiff's Complaint, which accordingly stand denied.

46.   Defendant Castle restates its responses to the preceding paragraphs as fully set forth herein.

47.   The allegations contained in Paragraph 47 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

48.   The allegations contained in Paragraph 48 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

49.   The allegations of Paragraph 49 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

50.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 50 of Plaintiff's Complaint, which accordingly stand denied.

51.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 51 of Plaintiff's Complaint, which accordingly stand denied.

52.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 52 of Plaintiff's Complaint, which accordingly stand denied.

53.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 53 of Plaintiff's Complaint, which accordingly stand denied.

54.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 54 of Plaintiff's Complaint, which accordingly stand denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59. Denied.

60. Denied.

61. The allegations contained in Paragraph 61 of Plaintiff's Complaint call for a legal conclusion, and accordingly stand denied.

62. Denied.

63. Defendant Castle restates its responses to the preceding paragraphs as fully set forth herein.

64. Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 64 of Plaintiff's Complaint, which accordingly stand denied.

65. Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 65 of Plaintiff's Complaint, which accordingly stand denied.

66. Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 66 of Plaintiff's Complaint, which accordingly stand denied.

67. Defendant Castle restates its responses to the preceding paragraphs as fully set forth herein.

68. Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 68 of Plaintiff's Complaint, which accordingly stand denied.

69. Defendant Castle admits that the property in question sold at foreclosure for $35,851.00.

70. Denied.

71.     The allegations contained in Paragraph 71 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

72.     Denied.

73.     Denied.

74.     Defendant Castle restates its responses to the preceding paragraphs as fully set forth herein.

75.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 75 of Plaintiff's Complaint, which accordingly stand denied.

76.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 76 of Plaintiff's Complaint, which accordingly stand denied.

77.     Denied.

78.     Denied.

79.     Defendant Castle restates its responses to the preceding paragraphs as fully set forth herein.

80.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 80 of Plaintiff's Complaint, which accordingly stand denied.

81.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 81 of Plaintiff's Complaint, which accordingly stand denied.

82.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 82 of Plaintiff's Complaint, which accordingly stand denied.

83.   Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 83 of Plaintiff's Complaint, which accordingly stand denied.

84.   Defendant Castle restates its responses to the preceding paragraphs as fully set forth herein.

85.   Defendant Castle admits that it was the good faith purchaser for value of the real property located at 229 Marsh Glen Drive, Jonesboro, Clayton County, Georgia 30238, and 2364 Bigwood Trail, College Park, Fulton County, Georgia, 30349 at the respective foreclosure sales for each property.

86.   Defendant Castle is the sole, rightful owner of the subject properties.   Plaintiff has no claim to ownership based upon the facts presented herein. Therefore, the allegations in Paragraph 86 of Plaintiff's Complaint are denied.

87.   Defendant Castle restates its responses to the preceding paragraphs as fully set forth herein.

88.   Defendant Castle denies that Plaintiff is entitled to the relief it seeks in Paragraph 88 of Plaintiff's Complaint.

89.   Defendant Castle restates its responses to the preceding paragraphs as fully set forth herein.

90.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 90 of Plaintiff's Complaint, which accordingly stand denied.

91.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 91 of Plaintiff's Complaint, which accordingly stand denied.

92.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 92 of Plaintiff's Complaint, which accordingly stand denied.

93.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 93 of Plaintiff's Complaint, which accordingly stand denied.

94.     Defendant Castle is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 94 of Plaintiff's Complaint, which accordingly stand denied.

WHEREFORE, Defendant Castle denies the prayers for relief contained in the Plaintiff's Complaint, denies any and all parts, counts, paragraphs or subparts not specifically referred to herein by number, denies that Plaintiff is entitled to any equitable relief or amount sued for against Defendant Castle and further denies that Plaintiff is entitled to recover from Defendant Castle in any amount whatsoever.

WHEREFORE, having fully answered the allegations set forth in Plaintiff's Complaint, Defendant Castle respectfully requests that the Complaint be dismissed, with prejudice, that all costs be cast upon the Plaintiff, and that subject to the dispositive motion to dismiss filed herein,

that declaratory judgment be issued in Defendant Castle's favor as requested herein, and for such other and further relief as the Court may deem just and proper.  Defendant Castle demands a trial by jury.

This 14th day of July, 2014.

Respectfully submitted,

ANDERSEN, TATE & CARR, P.C.

Thomas T. Tate
Georgia Bar No. 698879
Robert Thomas
Georgia Bar No. 278646
Graham K. Brantley
Georgia Bar No. 942600
Attorneys for Defendant
Castle Atlanta Holding, LP

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 Phone
(770) 822-9680 Fax
2092554_1

14

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

GEORGIA TASMAN, LLC,                    :

       Plaintiff,                            :

     v.                                    :          CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :          FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,                              :

       Defendants.                           :

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing Answer of Defendant Castle Atlanta Holding, LP upon opposing counsel of record by depositing a true and correct copy of same in the U.S. Mail, proper postage paid, addressed to counsel of record as follows:

Schuyler Elliott, Esq.
2024 Beaver Ruin Road
Norcross, Georgia  30071

This _14th_ day of July, 2014.

ANDERSEN, TATE & CARR, P.C.

Thomas T. Tate
Georgia Bar No. 698879
Robert D. Thomas
State Bar No 278646
Graham K. Brantley
State Bar No. 942600
Attorneys for Defendants Neil Eisner
Castle Atlanta Holding, LP

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
2116558_1

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

GEORGIA TASMAN, LLC,      :

      Plaintiff,      :

v.      :      CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :      FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,      :      Judge Ural Glanville

      Defendants.      :

FILED IN OFFICE

JUL 14 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### ANSWER OF DEFENDANT NEIL EISNER

COME NOW, Defendant Neil Eisner ("Defendant Eisner"), and files this, his Answer in response to Plaintiff Georgia Tasman, LLC's ("Plaintiff") Complaint, respectfully showing this Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed.  Defendant Eisner is filing a Motion to Dismiss in conjunction with the filing of this Answer.

### SECOND DEFENSE

Plaintiff's claims are barred because the Plaintiff does not have standing to prosecute the claims it asserts herein.

### THIRD DEFENSE

Plaintiff is equitably estopped from bringing the claims it asserts herein.

## FOURTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to satisfy all conditions precedent to prosecute claims it asserts herein.

## FIFTH DEFENSE

Plaintiff's claims are barred by the defenses of estoppel, waiver, illegality, and/or laches.

## SIXTH DEFENSE

Plaintiff's claims are barred due to illegality, fraud, unclean hands, and bad faith.

## SEVENTH DEFENSE

Defendant Eisner denies and disputes Plaintiff's apparent contention he is, or could be, jointly and severally liable with Defendant Castle Atlanta Holding, LP ("Defendant Castle").

## EIGHTH DEFENSE

Plaintiff's claims are barred by its own prior breaches of contractual obligations.

## NINTH DEFENSE

Plaintiff's claims are barred by its failure to mitigate the harm alleged.

## TENTH DEFENSE

Defendant Eisner reserves the right to raise additional affirmative defenses that may become apparent through discovery or otherwise.

## ELEVENTH DEFENSE

Plaintiff's claims are barred due to lack of personal jurisdiction and improper venue.

## TWELVTH DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to provide verification to support its claims for extraordinary equitable relief pursuant to O.C.G.A. § 9-10-110.

2

## THIRTEENTH DEFENSE

By way of further response, Defendant Eisner responds to each of the separately numbered Paragraphs of the Complaint as follows:

1.  Defendant Eisner admits that the real estate that is the subject of the allegations of this lawsuit is located in  Georgia. Defendant Eisner is without knowledge or information sufficient to form a belief concerning the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint, which accordingly stand denied.

2.  Defendant Eisner admits that he may be served at the address listed in Paragraph 2 of Plaintiff's Complaint. All other allegations in Paragraph 2 of Plaintiff's Complaint are denied.

3.  Defendant Eisner is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 3 of Plaintiff's Complaint, which accordingly stand denied.

4.  Denied.

5.  Denied.

6.  Defendant Eisner is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 6 of Plaintiff's Complaint, which accordingly stand denied.

7.  The document identified in Paragraph 7 of Plaintiff's Complaint is not attached to Plaintiff's Complaint.

8.  The document identified in Paragraph 8 of Plaintiff's Complaint is not attached to Plaintiff's Complaint.

3

9.   Defendant Eisner admits that on or about November 14, 2011, Plaintiff executed and delivered a Security Deed in favor of Defendant Eisner, regarding real property located at 229 Marsh Glen Drive, Jonesboro, Georgia 30238, and also a promissory note dated November 14, 2011.  All other allegations of Paragraph 9 are denied.

10.  Denied as alleged.  The Security Deed securing real property located at 229 Marsh Glen Drive, Jonesboro, Georgia 30238 was filed in the Clayton County real estate records at Deed Book 10041, Page 630.

11.  Admitted, although Defendant Eisner denies that there is any legal obligation or custom to record a promissory note.

12.  Defendant Eisner admits that on or about November 14, 2011, Plaintiff executed and delivered a Security Deed, in favor of Defendant Eisner, regarding real property located at 2364 Bigwood Trail, College Park, Georgia 30349, and also a promissory note dated November 14, 2011.  All other allegations of Paragraph 12 are denied.

13.  Admitted.

14.  Admitted, although Defendant Eisner denies that there is any legal obligation or custom to record a promissory note.

15.  The documents speak for themselves and should be read in their entirety, in light of applicable facts. Because the allegations of Paragraph 15 do not fully and fairly recite the actual language of the document in question, Defendant Eisner denies the allegations as alleged in Paragraph 15 of Plaintiff's Complaint.

16.  The documents speak for themselves and should be read in their entirety, in light of applicable facts. Because the allegations of Paragraph 16 do not fully and fairly recite the

4

actual language of the documents in question, Defendant Eisner denies the allegations as alleged in Paragraph 16 of Plaintiff's Complaint.

17.  The documents speak for themselves and should be read in their entirety, in light of applicable facts.  Because the allegations of Paragraph 17 do not fully and fairly recite the actual language of the document in question, Defendant Eisner denies the allegations as alleged in Paragraph 17 of Plaintiff's Complaint.

18.  Denied.

19.  Because the allegations of Paragraph 19 set forth legal conclusions that do not fully or fairly recite the actual legal requirements in question, Defendant Eisner denies the allegations as alleged in Paragraph 19.

20.  Admitted.

21.  Admitted.

22.  Denied.

23.  The advertisements speak for themselves and should be read in their entirety, in light of applicable facts.  Because the allegations of Paragraph 23 do not fully and fairly recite the actual language of the documents in question, Defendant Eisner denies the allegations as alleged in Paragraph 23 of Plaintiff's Complaint.

24.  The advertisements speak for themselves and should be read in their entirety, in light of applicable facts.  Because the allegations of Paragraph 24 do not fully and fairly recite the actual language of the document in question, Defendant Eisner denies the allegations as alleged in Paragraph 24 of Plaintiff's Complaint.

25.  The advertisements speak for themselves and should be read in their entirety, in light of applicable facts.  Because the allegations of Paragraph 25 do not fully and fairly recite the

actual language of the document in question, Defendant Eisner denies the allegations as alleged in Paragraph 25 of Plaintiff's Complaint.

26. Denied.

27. Admitted, although Defendant Eisner denies that there is any legal obligation or custom to record a promissory note.

28. Denied.

29. Because the allegations of Paragraph 29 are ambiguous and confusing, Defendant Eisner is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 29 of Plaintiff's Complaint, which accordingly stand denied.

30. Defendant Eisner is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 30 of Plaintiff's Complaint, which accordingly stand denied.

31. Defendant Eisner is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 31 of Plaintiff's Complaint, which accordingly stand denied.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Defendant Eisner restates his responses to the preceding paragraphs as fully set forth herein.

37.   Defendant Eisner admits that Plaintiff executed the Security Deed in question, thereby binding itself to the terms thereof.   Defendant Eisner denies any other allegations of Paragraph 37.

38.   The allegations contained in Paragraph 38 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

39.   Denied.

40.   Denied.

41.   Denied.

42.   The allegations contained in Paragraph 42 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Defendant Eisner restates his responses to the preceding paragraphs as fully set forth herein.

47.   The allegations contained in Paragraph 47 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

48.   The allegations contained in Paragraph 48 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

49.   The allegations of Paragraph 49 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

50.   Denied.

51.    The Security Deed speaks for itself and should be read in its entirety, in light of applicable facts.  Because the allegations of Paragraph 51 do not fully and fairly recite the actual language of the document in question, Defendant Eisner denies the allegations as alleged in Paragraph 51 of Plaintiff's Complaint.

52.    Denied.

53.    Denied.

54.    Denied.

55.    The allegations contained in Paragraph 55 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    The allegations contained in Paragraph 61 of Plaintiff's Complaint call for a legal conclusion, and accordingly stand denied.

62.    Denied.

63.    Defendant Eisner restates his responses to the preceding paragraphs as fully set forth herein.

64.    Defendant Eisner is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 64 of Plaintiff's Complaint, which accordingly stand denied.

65.    Denied.

66.     Denied.

67.     Defendant Eisner restates his responses to the preceding paragraphs as fully set forth herein.

68.     Defendant Eisner is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 68 of Plaintiff's Complaint, which accordingly stand denied.

69.     Defendant Eisner admits that the property in question sold at foreclosure for $35,851.00.

70.     Denied.

71.     The allegations contained in Paragraph 71 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

72.     The allegations contained in Paragraph 72 of Plaintiff's Complaint call for a legal conclusion, which accordingly stand denied.

73.     Denied.

74.     Defendant Eisner restates his responses to the preceding paragraphs as fully set forth herein.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Defendant Eisner restates his responses to the preceding paragraphs as fully set forth herein.

80.     Denied.

81.     Denied.

82.   Denied.

83.   Denied.

84.   Defendant Eisner restates his responses to the preceding paragraphs as fully set forth herein.

85.   Defendant Eisner admits that he executed two deeds under power of sale in favor of Castle Atlanta Holding, L.P. with respect to the real property located at 229 Marsh Glen Drive, Jonesboro, Clayton County, Georgia 30238, and 2364 Bigwood Trail, College Park,   Fulton County, Georgia, 30349 following the foreclosure sales for each property.

86.   Defendant Eisner denies that Plaintiff is entitled to the remedy it seeks in Paragraph 86 of Plaintiff's Complaint.

87.   Defendant Eisner restates his responses to the preceding paragraphs as fully set forth herein.

88.   Defendant Eisner denies that Plaintiff is entitled to the relief it seeks in Paragraph 88 of Plaintiff's Complaint.

89.   Defendant Eisner restates his responses to the preceding paragraphs as fully set forth herein.

90.   Denied.

91.   Denied.

92.   Denied.

93.   Denied.

94.   Denied.

WHEREFORE, Defendant Eisner denies the prayers for relief contained in the Plaintiff's Complaint, denies any and all parts, counts, paragraphs or subparts not specifically referred to

herein by number, denies that Plaintiff is entitled to any equitable relief or amount sued for against Defendant Eisner and further denies that Plaintiff is entitled to recover from Defendant Eisner in any amount whatsoever.

WHEREFORE, having fully answered the allegations set forth in Plaintiff's Complaint, Defendant Eisner respectfully requests that the Complaint be dismissed, with prejudice, that all costs be cast upon the Plaintiff, and that subject to the dispositive motion to dismiss filed herein, that declaratory judgment be issued in Defendant Eisner's favor as requested herein, and for such other and further relief as the Court may deem just and proper.  Defendant Eisner demands a trial by jury.

This _14th_ day of July, 2014.

Respectfully submitted,

ANDERSEN, TATE & CARR, P.C.

_Thos. T. Tate_

Thomas T. Tate
Georgia Bar No. 698879
Robert Thomas
Georgia Bar No. 278646
Graham K. Brantley
Georgia Bar No. 942600
Attorneys for Defendant Neil Eisner

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 Phone
(770) 822-9680 Fax

2115640_1

11

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

GEORGIA TASMAN, LLC,               :

      Plaintiff,                       :

     v.                                :     CIVIL ACTION

NEIL EISNER; AND CASTLE ATLANTA :     FILE NO. 2014CV245955
HOLDINGS, LP., JOINTLY AND
SEVERALLY,                          :

      Defendants.                     :

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing Answer of Defendant Neil Eisner upon opposing counsel of record by depositing a true and correct copy of same in the U.S. Mail, proper postage paid, addressed to counsel of record as follows:

Schuyler Elliott, Esq.
2024 Beaver Ruin Road
Norcross, Georgia 30071

This *14th* day of July, 2014.

                        ANDERSEN, TATE & CARR, P.C.

                        Thomas T. Tate
                        Georgia Bar No. 698879
                        Robert D. Thomas
                        State Bar No 278646
                        Graham K. Brantley
                        State Bar No. 942600
                        Attorneys for Defendants Neil Eisner
                        Castle Atlanta Holding, LP

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
2116557_1